No. 4917.

ENOS M. CRAMER *v.* ALEXANDER V. BROWN.

This is a contest for office. The appeal should have been made returnable within ten days after the judgment. The appeal granted by the District Court was incorrectly made returnable on the second Monday of February, and when the error was discovered the appellant had a proper return day fixed according to law. The motion to dismiss the appeal can not prevail.

Plaintiff, alleging to be the sheriff for the parish of Madison, injoined defendant from acting or assuming to act as sheriff, from possessing or attempting to possess the books, papers, and archives of the said office, and from intruding or attempting to intrude himself therein. The defendant excepted to the form of action, averring that it should have been brought under the intrusion act and in the name of the State and the proper law officer of the State. The exception is well taken and should have been maintained. The injunction must be dissolved.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough, J. Wells, Spencer, Seale & Harrison, Labatt, Aroni & Clinton,* for plaintiff and appellee. *Crawford & Coleman,* for defendant and appellant.

ON MOTION TO DISMISS.

LUDELING, C. J. The appellee moves to dismiss this appeal on the grounds:

*First*—That the suit is not a preference case.

*Second*—That the district judge granted an appeal which was made returnable on the second Monday of February, and the bond was given according to law, and the case was no longer within the jurisdiction of said district court.

*Third*—That the parish judge had no right to grant an appeal in the case; and

*Fourth*—That the parish judge has revoked his order for an appeal.

There is no merit in any of the grounds stated for dismissing the appeal. The first two grounds, if true, might be a reason for not trying the case on the merits, until the second Monday of February next, but not for dismissing the appeal. And the same thing may be said of the third and fourth grounds for dismissal. But we think that this is a contest for office, and the appeal should have been made returnable within ten days after the judgment. The appeal granted by the district judge was incorrectly made returnable on the second Monday of February, and when the error was discovered the appellant had a proper return day fixed, according to law. 10 An. 488; 2 An. 484; 25 An. E. Evans, wife et al., *v.* Sauvinet et al.

The motion is therefore refused.

ON THE MERITS.

HOWELL, J. The plaintiff alleges that he is the legally elected and qualified sheriff of the parish of Madison, and as such has been dis-

charging the duties and receiving the emoluments thereof; that recently the defendant, pretending to hold a commission for said office and styling himself sheriff of said parish, has disturbed him, plaintiff, in the exercise and enjoyment of his said office, and interfered with and hindered him in the discharge of his duties by holding himself out and pretending to act as the sheriff of said parish; and he prays that he be quieted in the possession of his office; that defendant be ordered to desist from his unlawful interference and injoined from acting or assuming to act as sheriff, from possessing or attempting to possess himself of the books, papers and archives of the said office, and from intruding or attempting to intrude himself therein.

The defendant excepted to the form of action, averring that it should have been brought under the intrusion act and in the name of the State and the proper law officer of the State. The exception was referred to the merits and an answer filed alleging a commission, bond and oath as sheriff, and the entering upon the duties thereof with the consent of the plaintiff, and unmolested continuance therein from June 16, 1873, until the institution of this suit in November following. Upon a trial the judge *a quo* decided in favor of the plaintiff, and the defendant appealed.

The exception, in our opinion, was well taken and should have been maintained. This case is similar, in this respect, to that of Hayes *v.* Thompson, 21 An. 655, where the action was dismissed as improperly brought, although no exception was filed. See also State ex rel. Wickliffe *v.* Delassize, 21 An. 710.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction be dissolved and the suit dismissed at the costs of plaintiff, in both courts.